**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSE M. COLON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:25-cv-01863 (UNA) |
| | ) |
| DONALD TRUMP, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, who is currently designated to San Quentin State Prison, initiated this matter on May 19, 2025, by filing a *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. He failed, however, to file a copy of his six-month trust fund prisoner account statement as required by 28 U.S.C. § 1915(a)(2). The Court therefore granted Plaintiff a 30-day extension to submit the missing required financial information. *See* Order, ECF No. 4. Plaintiff has since responded to that Order, by filing a largely compliant prisoner account statement, ECF No. 5. Accordingly, the Court grants Plaintiff's *in forma pauperis* Application. However, upon review of the Complaint, and as explained in more detail below, it dismisses this case without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff sues President Trump, Elon Musk, the Governor of Florida, the Attorney General of Texas, and a U.S. Representative from Ohio. *See* Compl. at 1–3. The 71-page Complaint chronicles a litany of alleged wrongful acts committed by Defendants that have violated the civil and constitutional rights of "every American," and have exceeded Defendants' given authority. *See generally id*. Plaintiff demands assorted equitable relief "restoring the federal government to

the condition it was in before Trump became President," including restoration of funding to federal agencies and programs, and the return of former federal employees to their previous positions, including backpay. *See id*. at 61. He also asks that the Court enjoin the Defendants from allegedly assisting Defendant Musk in breaking SEC rules and harassing SEC employees. *See id.*

Accepting all the allegations as true at this stage as obligated, *see Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009), Plaintiff has nonetheless failed to establish standing in this matter. Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560–61 (cleaned up). As here, "a defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Plaintiff does not allege a redressable injury that is particularized to himself. The Complaint lacks any factual allegations showing that he sustained, or is likely to sustain, any direct injury because of these events, which as pleaded, did not involve him personally, beyond his role as an American citizen. But "a plaintiff raising only a generally available grievance about" the government or its officials, "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."

*Lujan*, 504 U.S. at 573–74; *see also Warth v. Seldin*, 422 U.S. 490, 499 (1975) (finding that where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."). Where, as here, a "plaintiff's stake is no greater" that millions of other Americans, the harm is simply "too vague and its effects too attenuated." *See Berg v. Obama*, 574 F. Supp. 2d 509, 519 (E.D. Pa. 2008), *aff'd*, 586 F.3d 234 (3rd Cir. 2009).

Consequently, this case is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's Motion for Appointment of Counsel, ECF No. 3, is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: November 24, 2025

TREVOR N. McFADDEN
United States District Judge